JAP:AL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**M10-1139**

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

JAMES PASS,

    Defendant.

- - - - - - - - - - - - - - - - -X

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
FOR ARREST WARRANT

(18 U.S.C § 751(a))

EASTERN DISTRICT OF NEW YORK, SS:

    JOHNNY O'BRIEN, being duly sworn, deposes and states that he is a Deputy United States Marshal duly appointed according to law and acting as such.

    Upon information and belief, on or about September 27, 2010, within the Eastern District of New York and elsewhere, the defendant JAMES PASS, having been convicted of an offense, did knowingly and intentionally escape from the custody of the Attorney General or his authorized representative.

    (Title 18, United States Code, Section 751(a)).

2

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. On or about February 29, 2008, the defendant JAMES PASS was sentenced by the Honorable John Gleeson, United States District Judge of the United States District Court for the Eastern District of New York, to a term of 52 months' imprisonment and three years of supervised released, and remanded to the custody of the Attorney General of the United States. The defendant was sentenced in connection with a conviction for being a felon in possession of a firearm in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

2. On or about June 1, 2010, the defendant was transferred from FCI Beckley in Raleigh County, West Virginia to the Brooklyn Residential Reentry Center ("BRRC") in Brooklyn, NY.

3. On or about September 27, 2010, at approximately 9:15 a.m., a routine head count was conducted at the BRRC. During the head count, the defendant could not be found in his assigned room or elsewhere in the BRRC. After further investigation, it was determined that the defendant had left the BRRC without authorization.

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all of the relevant facts and circumstances of which I am aware. In addition, when I rely on statements made by others, such statements are set forth in part and in substance unless otherwise indicated.

3

4. The defendant was scheduled to remain at the BRRC until November 23, 2010. As of this date, the defendant has failed to return to the BRRC.

WHEREFORE, your deponent respectfully requests that a warrant issue for the arrest of the defendant JAMES PASS so that he may be dealt with according to law.

JOHNNY O'BRIEN
Deputy Marshal
U.S. Marshals Service

Sworn to before me this
1st day of October, 2010

THE HONORABLE
UNITED STATES
EASTERN DISTRI            S/ Azrack